# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEANNINE HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHEET METAL WORKERS' | ) | 1:05CV01159 |
| NATIONAL HEALTH FUND PLAN, | ) | |
| SOUTHERN BENEFIT | ) | |
| ADMINISTRATORS, INC., and | ) | |
| GLENN RANDLE, TOMMY | ) | |
| FULLER, THOMAS KELLY, | ) | |
| BILL KING, TIM MCGRATH, and | ) | |
| BRENT BERTRAND as Trustees | ) | |
| of the Sheet Metal Workers' | ) | |
| National Health Fund, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on a motion by Defendants to dismiss (docket no. 11) for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Defendants argue for dismissal on the grounds that (1) Plaintiff failed to exhaust her administrative remedies before bringing suit and failed to allege this in her complaint, or (2) the case or controversy is now moot since the Board of Trustees awarded Plaintiff relief on February 7, 2006. Plaintiff has filed a response to Defendants' motion (docket no. 13) opposing dismissal on the grounds of failure to exhaust administrative remedies, but not opposing dismissal on the grounds of mootness.[1]

---

[1] Plaintiff argues that the suit should not be dismissed on the grounds of failure to exhaust administrative remedies because she is still entitled to her costs and

Since the parties have not consented to the jurisdiction of a magistrate judge, the court must address the motion by way of recommendation. Because the court agrees that the case or controversy is now moot, it will be recommended that the court grant Defendants' motion to dismiss.

Plaintiff's husband, George Hines, was an employee of the Sheet Metal Workers' Union ("the Union") in Greensboro, North Carolina. Through his employment with the Union, George Hines and Plaintiff, as an eligible dependent, were eligible for and participated in The Sheet Metal Workers' National Health Fund Plan ("the Plan"). In September 2003, George Hines retired from the Union, and he and Plaintiff continued to pay their monthly premiums for health insurance coverage through the Plan as retirees. In April 2004, as a result of misconduct during his employment, George Hines surrendered his membership in the Union. Even so, Plaintiff paid all required premiums for continued coverage under the Plan until September 19, 2005, on which date Southern Benefit informed George Hines and Plaintiff by letter that it had erroneously continued their coverage under the Plan as retirees as of April 1, 2004. Southern Benefit therefore retroactively terminated George Hines's and Plaintiff's coverage and requested full refunds of Plaintiff's claims from April 1, 2004, forward.

---

attorney's fees. If the underlying case and controversy have been rendered moot, however, the issue of attorney's fees is not enough to keep the case in court. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990); *S-1 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987).

In a letter dated October 21, 2005, Plaintiff's attorneys requested that Southern Benefit review its denial of her coverage. In a letter dated November 14, 2005, Southern Benefit informed Plaintiff that the Board of Trustees had found that George Hines–and, therefore, Plaintiff–was not eligible for the Plan from April 1, 2004, onward. In letters dated December 13 and 15, 2005, Southern Benefit further informed Plaintiff that the issue of her eligibility would be reconsidered by the Board of Trustees at its meeting scheduled for February 7, 2006.

On December 28, 2005, Plaintiff filed her complaint seeking recovery of her benefits, reinstatement in the Plan, and alleging breach of fiduciary duty. At its meeting on February 7, 2006, the Board of Trustees reversed its initial eligibility decision regarding Mr. Hines and Plaintiff and awarded a remedy to assure that Plaintiff would receive all the benefits to which she is entitled as an eligible participant. Defendants filed this motion to dismiss on April 4, 2006.

Plaintiff has received the benefits she sought to recover through this lawsuit, therefore, the case or controversy has been rendered moot by the Board of Trustees' February 7, 2006, decision. Since the issue of exhaustion of administrative remedies addresses the merits of the underlying cause of action which was rendered moot as of February 7, 2006, the court need not address it.[2]

---

[2] Courts need not issue an opinion on ancillary issues that address the merits of an underlying case or controversy that has been rendered moot. *See Oil Workers Unions v. Missouri*, 361 U.S. 363, 367 (1960); *Fuddruckers, Inc. v. Fudpucker's, Inc.*, No. 3:04CV168/RS/EMT, 2006 WL 1517049, at *14 (N.D. Fla. May 25, 2006); *Board of Educ. for Montgomery County, Md. v. Khan*, No. Civ.A. DKC20042365, 2005 WL

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED** that the court **GRANT** Defendants' motion to dismiss (docket no. 11) on the grounds that this matter is moot.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
June 14, 2006

---

2250796, at *3 (D. Md. Sept. 15, 2005); *Witsell v. Lafler*, No. 04-CV-73999-DT, 2005 WL 2449042, at *2, n.3 (E.D. Mich. Sept. 30, 2005).